IN THE UNITED STATES DISTRICT COURT
      FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ANTHONY ASKEW,

        Plaintiff,

v.                                    Civil Action No. 5:11CV59
                                                        (STAMP)
WILLIAM K. SUTER and
KYLE R. RATLIFF,

        Defendants.


              **MEMORANDUM OPINION AND ORDER**
              **AFFIRMING AND ADOPTING REPORT AND**
              **RECOMMENDATION OF MAGISTRATE JUDGE**

                    I.  Background

    The plaintiff, Anthony Askew, proceeding pro se,[1] filed a complaint on April 14, 2011, asserting a constitutional claim against the defendants. Because the plaintiff is a federal prisoner, his constitutional claims are evaluated under Bivens v. Six Unknown Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971) ("Bivens"), which established a direct cause of action under the Constitution of the United States against federal officials for violation of federal constitutional rights. Bivens, 403 U.S. at 397. This matter was referred to United States Magistrate Judge John S. Kaull for an initial review and report and recommended disposition pursuant to Local Rule Prisoner Litigation Procedure 2.

---

    [1]"Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

According to the complaint, the plaintiff alleges that the defendants failed to properly process and review a Petition for Writ of Certiorari to the United States Supreme Court. The magistrate judge entered a report and recommendation on April 18, 2011, recommending that, pursuant to 28 U.S.C. §§ 1404(a) and 1406(a), this civil action be transferred to the United States District Court for the District of Columbia for all further proceedings and that any motions pending at the time of transfer be carried with the case for consideration by the transferee court. The magistrate judge advised the parties that, pursuant to 28 U.S.C. § 636(b)(1)(C), any party may file written objections to his proposed findings and recommendations within fourteen days after being served with a copy of the magistrate judge's recommendation. To date, no objections have been filed. For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. However, failure to file objections to the magistrate judge's proposed findings and recommendation permits the district court to review the recommendation under the standards that the district court believes are appropriate and, under these circumstances, the parties' right

to de novo review is waived. See Webb v. Califano, 468 F. Supp. 825 (E.D. Cal. 1979). Because the petitioner did not file objections, this Court reviews the report and recommendation of the magistrate judge for clear error.

### III. Discussion

Pursuant to 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" where such transfer is made "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). For a civil action which is not based wholly on diversity of citizenship, 28 U.S.C. § 1391(b) answers the question of where such action "might have been brought":

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

28 U.S.C. § 1391(b). In addition, "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a).

In this case, the alleged actions of the defendants occurred in the District of Columbia and the plaintiff has not alleged a connection between the defendants and the Northern District of West Virginia. Accordingly, venue is inappropriate in this Court and the instant complaint should have been filed in the District Court for the District of Columbia. This Court finds no clear error in the recommendation of the magistrate judge that this case be transferred to the District Court for the District of Columbia pursuant to 28 U.S.C. §§ 1404(a) and 1406(a).

## IV. Conclusion

This Court finds that the magistrate judge's recommendation is not clearly erroneous and hereby AFFIRMS and ADOPTS the report and recommendation of the magistrate judge in its entirety. Accordingly, this civil action is TRANSFERRED to the United States District Court for the District of Columbia for all further proceedings and any pending motions at the time of transfer are carried with the case for consideration by the transferee court.

Under Wright v. Collins, 766 F.2d 841, 845 (4th Cir. 1985), the petitioner's failure to object to the magistrate judge's proposed findings and recommendation bars the petitioner from appealing the judgment of this Court.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the pro se plaintiff by certified mail and to the Clerk of the United

4

States District Court for the District of Columbia.  The Clerk is further DIRECTED to TRANSFER this case to the United States District Court for the District of Columbia and to DISMISS the case from the active docket of this Court.

DATED:     May 17, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE