UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
OCT 18 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Anthony Askew,            )
                          )
    Plaintiff,            )
                          )
v.                        )   Civil Action No. 11-0927 (UNA)
                          )
William K. Suter *et al.*,    )
                          )
    Defendants.           )

## MEMORANDUM OPINION

Plaintiff has filed a "Petition to Reinstate Bivens Complaint," which was dismissed on September 8, 2011, for his failure to comply with the filing fee requirements of the Prison Litigation Reform Act by providing his inmate trust fund account statement.[1] *See* Order (Sept. 8, 2011). Plaintiff has included the requested statement with his petition; therefore, the Court will grant the motion to reinstate the case and grant plaintiff's application to proceed *in forma pauperis*. Upon its review of the complaint, however, the Court must dismiss the case pursuant to 28 U.S.C. § 1915A(b)(2) (requiring dismissal of a prisoner's complaint upon a determination that the complaint, among other grounds, seeks monetary relief from an immune defendant).

Plaintiff, a prisoner at the Hazelton United States Penitentiary in Bruceton Mills, West Virginia, sues Supreme Court Clerk William K. Suter and Case Analyst Kyle R. Ratliff for monetary damages under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). The complaint arises from defendants' processing of plaintiff's Petition for Writ of Certiorari, which was denied on February 22, 2011. Compl. ¶ 10; *Askew v. U.S.*, 131 S.Ct. 1534 (Mem).

---

[1] Although plaintiff directs the instant petition to the United States Court of Appeals for the District of Columbia Circuit, no appeal was noticed in this matter and the appellate court has not otherwise assumed jurisdiction over the case.

Court clerks "are [absolutely] immune from damage suits" for actions taken, as alleged here, within the scope of their official duties as "an integral part of the judicial process." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *accord Hilska v. Suter*, 308 Fed. Appx. 451, 452 (D.C. Cir. 2009). A separate Order of dismissal accompanies this Memorandum Opinion.

/s/ Rosemary M. Collyer
United States District Judge

DATE: October 13, 2011